IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                                RESPONDENT

vs.                                    Criminal No. 6:17-cr-60043
                                       Civil No. 6:19-cv-06069

HENRY SMITH                                                                                 MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant is Henry Smith ("Smith") who is proceeding *pro se*. On June 21, 2019, Smith filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 41. After being directed by the Court to respond, the Government filed a response to this Motion. ECF No. 45.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Motion and the response; and based upon that review, the Court recommends this Motion be **DENIED**.

**1.    Procedural Background**:

On December 5, 2017, Smith was charged in a single-count Indictment issued by a Federal Grand Jury for the Western District of Arkansas. ECF No. 1. This count provided as follows:

> On or about November 8, 2017, in the Western District of Arkansas, Hot Springs Division, the defendant, **HENRY SMITH**, by force, violence and intimidation did take from the person or presence of another, U.S. currency, belonging to and in the care, custody, control, management and possession of Citizens Bank, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18 U.S.C. § 2113(a).

ECF No. 1 at 1.

On March 5, 2018, Smith pled guilty to this count. ECF No. 15. Smith's Plea Agreement was submitted. ECF No. 16. A Presentence Investigation Report ("PSR") was prepared, and a

final PSR was filed on June 7, 2018.  ECF No. 22.  In this PSR, Smith was assigned a base level offense of 20 with a four-level increase for specific offense characteristics (the property subject to the offense was owned by a financial institution (+2) and a threat of death was made during offense (+2)).  This resulted in an adjusted offense level of 24.  ECF No. 22 ¶¶ 15-16.

Considering his prior felony convictions, Smith was classified as a career offender, resulting in an offense level of 32.  *Id.* ¶ 21.  That offense level was reduced by three points for acceptance of responsibility for a total offense level of 29.  *Id.* ¶ 24.  Smith was assigned a criminal history category of IV with a guideline range of 151 to 188 months of imprisonment.  *Id.* ¶ 66.

On October 11, 2018, Smith appeared before Judge Hickey and was sentenced at the bottom of the guideline range to 151 months of imprisonment with credit for time served in federal custody.  ECF No. 29.  This judgment was entered on October 17, 2018.  *Id.*  Smith appealed this judgment to the Eighth Circuit, and that appeal was dismissed on June 17, 2019.  ECF Nos. 31, 40.

On June 21, 2019, Smith filed a *pro se* Motion for Relief under 28 U.S.C. § 2255.  ECF No. 41.  With this Motion, Smith raises two claims for relief[1]:

1. His offense level was incorrectly increased by two points for violating his probation when he never did; and

2. His offense level was incorrectly increased by two points for possessing a gun during the offense when he did not possess one.

The Government responded to this Motion on July 25, 2019.  ECF No. 44.  In this response, the Government claims Smith's Motion should be dismissed.  *Id.*

---

[1] Smith actually raises three claims for relief.  However, upon careful review, the Court finds his first and second arguments are the same.  Thus, the Court will address them together.

**2.** **Applicable Law:**

A § 2255 motion is fundamentally different from a direct appeal. The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ( "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.").

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

**3.** **Discussion**:

The Government claims Smith's Motion should be dismissed in its entirety. Upon review, the Court finds the Government's claims are merited, and Smith's Motion should be dismissed.

**A.** **"Probation Enhancement"**

Smith claims his offense level was incorrectly increased by two points for his probation violation: "I was giving [given] (2) points on the offense level for violated [violating] my probation, my probation was never revoked by a Judge." ECF No. 41 at 4-5.

Upon review of Smith's PSR, Smith *was not* given a two-level enhancement for violating his probation. ECF No. 22 ¶¶ 14-16. The only two enhancements Smith received were a four-level increase for specific offense characteristics discussed above, namely the property stolen belonged to a financial institution (+2) and a threat of death was made during the offense (+2). *Id.* Thus, the Court finds no basis for relief on this claim. Furthermore, as outlined in more detail below, even if this claim were merited, any given two-level enhancement would have no impact on Smith's sentence because he was classified as a career offender.

3

### B. Use of a Weapon Enhancement

Smith claims his offense level was incorrectly increased by two points for having a gun when he did not have a gun during the commission of the offense in question. ECF No. 41 at 7-8. Upon review, Smith is correct in that he did receive a two-level enhancement for a "threat of death." ECF No. 22 ¶ 16.

However, as noted above, Smith was sentenced as a career offender which raised his offense level to 32, well above the adjusted offense level without the career offender enhancement. *Id.* ¶ 32. Because he was sentenced as a career offender, the threat of death enhancement was irrelevant in Smith's sentencing. Thus, the Court will not address this issue further. *See United States v. LeGrand,* 468 F.3d 1077, 1082 (8th Cir. 2006) (recognizing that because the "district court correctly determined that LeGrand was a career offender and accordingly set his base offense level at 34, LeGrand's challenge to the district court's application of certain sentencing guideline enhancements is moot").

### 4. Recommendation:

Accordingly, based on the foregoing, the Court recommends the instant Motion (ECF No. 41) be **DENIED** and dismissed with prejudice.[2] The Court further recommends no Certificate of Appealability issue in this matter.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are**

---

[2] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir.1984).

**reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court**.  *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**DATED** this **4th day of November 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE