IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                                    RESPONDENT

v.                                            No. 6:17-cr-60043
                                              No. 6:19-cv-06069

HENRY SMITH                                                                                        MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 47) filed by Henry Smith ("Smith"), an inmate confined in FCI Greenville, Greenville, Illinois.[1] The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**1.    Procedural Background**[2]:

On December 5, 2017, Smith was charged in a single-count Indictment issued by a Federal Grand Jury for the Western District of Arkansas. ECF No. 1. This count provided as follows:

> On or about November 8, 2017, in the Western District of Arkansas, Hot Springs Division, the defendant, **HENRY SMITH**, by force, violence and intimidation did take from the person or presence of another, U.S. currency, belonging to and in the care, custody, control, management and possession of Citizens Bank, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18 U.S.C. § 2113(a).

ECF No. 1 at 1.

On March 5, 2018, Smith pled guilty to this count. ECF No. 15. Smith's Plea Agreement

---

[1] The Clerk is directed to update the address of the Defendant to FCI Greenville, 100 U.S. Hwy 40, Greenville, IL, 62246.

[2] The Court previously entered a Report and Recommendation addressing Smith's first 2255 Motion. ECF No. 46. In that Report and Recommendation, the Court provided a full background of Smith's case. The Court will not restate the full background here.

was submitted. ECF No. 16. On October 11, 2018, Smith appeared before Chief United States District Judge Susan O. Hickey and was sentenced at the bottom of the recommended guideline range to 151 months of imprisonment with credit for time served in federal custody. ECF No. 29. This judgment was entered on October 17, 2018. *Id.* Thereafter, Smith appealed this judgment to the Eighth Circuit, and that appeal was dismissed on June 17, 2019. ECF Nos. 31, 40. On June 21, 2019, Smith filed his first 2255 Motion. ECF No. 41. The Court denied that Motion. ECF No. 48.

Smith now filed this second 2255 Motion. ECF No. 47. This is the Motion currently before the Court. In this *pro se* Motion, Smith claims the following: (1) he specifically states he is seeking relief pursuant to 28 U.S.C. § 2255; and (2) he was erroneously sentenced as a career offender. *Id.* For the reasons set out below, the Court finds the instant 2255 Motion should be denied.

**2.    Discussion**:

Upon review, the Court finds Smith's current § 2255 motion should be denied as a second or successive petition. Smith previously filed a § 2255 motion. ECF No. 41. His prior § 2255 motion was denied. ECF Nos. 46, 48. Smith then filed the current § 2255 motion. ECF No. 47. Under the Anti-Terrorism and Death Penalty Act or "AEDPA," Smith was required to obtain a certification by a panel of the Eighth Circuit prior to filing this § 2255 motion. *See* 28 U.S.C. § 2244(b) (1996). This provision provides the following: "Before a second or successive application permitted by this section is filed in the district court, the applicant *shall move* in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* (emphasis added).

In the present action, Smith did not seek such an authorization. Without such an authorization, this Court has no jurisdiction over this case. *See, e.g., Boykin v. United States,* 242

F.3d 373 (8th Cir. 2000) (recognizing a district court lacks jurisdiction when the defendant does not first seek a certification from the applicable court of appeals). Thus, this § 2255 motion should be dismissed.

3. **Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant Motion to Vacate, Set Aside or Correct Sentence (ECF No. 47) be **DENIED**.[3] Further, pursuant to *28 U.S.C. §1915(a),* I recommend the finding that an appeal from dismissal would not be taken in good faith. Furthermore, because Smith did not comply with the rules of the Court and seek leave prior to filing this second 2255 Motion, Smith is **BARRED** from any further filings unless he first obtains leave of Court.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **5th day of May 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[3] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart*, 726 F.2d 1316 (8th Cir.1984).